## DALLINGER v. RAPALLO.*

### (Circuit Court, D. Massachusetts. March 2, 1883.)

1. TAXATION—NON-RESIDENT EXECUTORS—ASSESSMENT OF PERSONAL PROPERTY HELD BY.

The General Statutes of Massachusetts, c. 11, § 12, provide that property held by an executor residing out of the state, in trust to pay the income to persons within the state, is taxable to the latter, but does not authorize the taxation of personal property in the hands of an executor, residing out of the state, which is part of the estate of his testator and held by him in trust to pay the income for life to inhabitants of the state, but is not shown to be itself in the state.

2. SAME.

The statute of 1878, c. 189, § 2, has for its only object to amend the provision of chapter 11, § 12, Gen. St., in the single point, that after the expiration of three years from the appointment of the executor, the property, whether distributed or not, should be assessed according to the provisions cited above.

*J. W. Hammond,* for plaintiff.

*L. S. Dabney,* for defendant.

Before GRAY and LOWELL, JJ.

GRAY, Justice. Since the decision in October last, sustaining the defendant's demurrer, the plaintiff, by leave of the court, has amended his declaration, so as to show that, among other bequests made by the will under which the defendant was appointed and acted as executor, the testator gave to each of three persons, who at the time of the probate and ever since were inhabitants of Cambridge, the income for life of a sum of $20,000, to be set apart and invested by the executor, and the principal, after the death of the beneficiary for life, to be paid to other persons who are not shown to be inhabitants of Massachusetts; and that the personal property of the testator coming to the hands of the executor was sufficient to provide for these three bequests. The case has now been argued upon a demurrer to the amended declaration.

We are of opinion that the facts thus alleged and admitted do not vary the result; that neither the seventh clause of the General Stat-

utes, *c.* 11, § 12, nor the statute of 1878, *c.* 189, § 2, authorizes the assessment, to an executor residing out of the state, of an annual tax upon, or by reason of, personal property which is part of the estate of his testator, and is held by him in trust to pay the income for life to inhabitants of the state, but is not shown to be itself within the state; and that the whole object and effect of the later statute are to amend the earlier one in the single point, that, after the expiration of three years from the appointment of the executor, the property, whether distributed or not, should be assessed according to the provisions of the fifth clause of the General Statutes, *c.* 11, § 12; and by that clause property held by an executor residing out of the state, in trust to pay the income to persons within the state, is taxable to the latter only.

Demurrer sustained, and judgment for the defendant.